[Decided July 20, 1882.]

HARRY H. ONG v. A. J. WHIPPLE, EXECUTOR OF THE LAST WILL OF JOHN C. HILDRETH, DECEASED.

1. DISTRICT COURT — JURISDICTION — FOREIGN GUARDIAN — EQUITY — AC-COUNTING. — An action may be brought in the District Court to compel an accounting, by a ward against the executor of a foreign guardian who has died.

2. EXECUTOR — CLAIM — PRESENTATION OF. — To authorize a suit by a ward against the guardian of his executor for an accounting, it is not necessary to first present his claim for allowance to the executor.

APPEAL from the District Court holding terms at New Tacoma. Third District.

John C. Hildreth was appointed guardian of the person and estate of the appellant by a court of competent juristion of the State of Indiana, both guardian and ward then being residents of that state. Afterwards Hildreth, the guardian, before his discharge and before he accounted to his ward, removed to this territory, where he died; and the appellee, who was also his partner, was duly appointed as executor of his last will by the Probate Court of Pierce County. Appellant then sued the executor of Hildreth to compel an accounting of his trust as guardian, and also for an accounting of the partnership affairs between the deceased and his executor. The executor appeared and demurred upon the following grounds: 1. Because the courts of Indiana had exclusive jurisdiction; 2. Because the complaint failed to show

the presentation of the claim to the executor before suit; 3. Because the complaint failed to show that the executor qualified or accepted his trust under the will; 4. Because it appeared upon the face of the complaint that the action was barred by the statute of limitations. The second, third, and fourth grounds are mentioned in the opinion of the court as the objections urged against the sufficiency of the complaint. Demurrer was sustained, and judgment for costs rendered against the plaintiff, from which he appealed.

*Mr. C. W. Hartman,* for the Appellant.

The District Court has ample jurisdiction to grant the relief prayed for. (*Shelton* v. *Lewis,* 27 Ark. 197; 1 Pomeroy's Eq. Jur., pp. 374, 388; *Chapman* v. *Montgomery,* 63 N. Y. 221, 235; *Pratt* v. *Longworth,* 27 Ohio St. 159, 186; *Cowles* v. *Pollard,* 51 Ala. 445; *Mallet* v. *Dexter,* 1 Curt. 178; Wharton on Conflict of Laws, pp. 561, 562; Code, p. 150, secs. 1604–1630; 2 Williams on Executors, pp. 1604–1630; *Smith* v. *Clapton,* 4 Tex. 109, 113.)

*Messrs. McNaught, Ferry, McNaught, & Mitchell,* for the Appellee.

An action cannot be instituted against a guardian in his fiduciary capacity except in the state where he was appointed. The courts of Indiana have exclusive jurisdiction of this cause. (Rorer on Interstate Law, pp. 27, 109, 252; *Vaughn* v. *Northrup,* 15 Pet. 1; *Kerr* v. *Moore,* 9 Wheat. 565; *Dixon* v. *Ramsey,* 3 Cranch, 319; *Norman* v. *Bradley,* 9 Wall. 394; *Brent* v. *Grace,* 30 Mo. 253.) The complaint does not state that the claims upon which the action is based were presented to the executor as required by statute. (Code, secs. 1467, 1468.) The complaint fails to allege that the executor qualified or accepted his trust. It appears upon the complaint that the statute of limitations bars the suit. (*Yesler* v. *Oglesby,* 1 Wash. 604.)

Mr. Justice WINGARD delivered the opinion of the court.

In this case we are of the opinion that the guardian of the plaintiff being dead, he would be without any adequate remedy unless he can maintain his suit against the executor. (*Pedeman, Adm'r of Robb*, 8 Ohio, 227.) The judgment of the District Court in sustaining the demurrer to plaintiff's complaint is therefore reversed, and the cause is remanded for further proceedings. We do not consider the complaint exposed to the second, third, and fourth objections urged by the appellee.

GREENE, C. J., and HOYT, J., concurred.

NOTE. — The publication of this case was inadvertently omitted from the 2d volume of Washington Reports. — REP.